IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **RICH FINANCIAL LLC,**<br><br>    Plaintiff,<br><br>vs.<br><br>**UNITED STATES OF AMERICA,**<br><br>    Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No.  2:07CV403DAK |

This matter is before the court on the United States' Motion to Dismiss Plaintiff's Second Cause of Action for Lack of Subject Matter Jurisdiction.  The court held a hearing on the motion on December 12, 2005.  At the hearing, Plaintiff was represented by Blake Miller and Defendant was represented by Rick Watson.  The court took the matter under advisement.  The court has considered carefully the memoranda and other materials submitted by the parties, as well as the law and facts relating to the motion.  Now being fully advised, the court renders the following Memorandum Decision and Order.

### BACKGROUND

The court must accept all well-pleaded facts in the Complaint as true on a motion to dismiss.  On March 3, 1995, in consideration of monies lent to BCBU by Rich Financial, BCBU signed a promissory note for $2.1 million in favor of Rich Financial.  This promissory note was secured by a security agreement, which granted a lien in and to all of BCBU's accounts

receivable, equipment, leasehold improvements, and the proceeds of each. On January 1, 1998, BCBU signed another promissory note for $2.1 million with Rich Financial, which was also secured with a similar security agreement. And, on March 1, 2005, BCBU signed another promissory note in favor of Rich Financial for $3.5 million, which was secured with a similar security agreement.

Rich Financial alleges that it perfected its security interest in BCBU's accounts receivable by filing UCC Financing Statements with the Utah Department of Commerce on July 9, 2002. Rich Financial further alleges that BCBU defaulted on its promissory note on January 19, 2004, and BCBU is indebted to it in excess of $3.6 million.

The IRS recorded the following notice of tax liens against BCBU: (1) $819,203.10 on March 10, 2003; (2) $52,907.50 on October 3, 2003; (3) $247,275.85 on December 23, 2003; (4) $678,561 on June 10, 2004; and (5) $306,439.28 on January 11, 2007.

On December 13, 2002, BCBU and others sued the State of Utah to recover unpaid Medicaid reimbursements for services rendered by BCBU. On March 20, 2007, the case settled with the Department of Health agreeing to pay $7 million for the unpaid Medicaid reimbursements. BCBU's portion of the settlement was $1,306,227 ("BCBU Account Payment").

On April 5, 2007, the IRS levied and seized the BCBU Account Payment. Rich Financial contends that the monies received in the lawsuit constitute accounts or proceeds of accounts within the meaning of the security agreements between BCBU and Rich Financial. On June 19, 2007, Rich Financial filed this action against the United States asserting two causes of action: (1) wrongful levy pursuant to 26 U.S.C. § 7426; and (2) declaratory judgment pursuant to the federal

Declaratory Judgment Act, 28 U.S.C. § 2201 and the Utah Declaratory Judgments Act, Utah Code Ann. § 78-33-1.

## DISCUSSION

The United States moves to dismiss Rich Financial's second cause of action for declaratory judgment. Rich Financial's declaratory judgment claim seeks a declaration that its lien and security interest in funds levied by the IRS is superior to the IRS' tax lien. The United States argues that it has not waived its sovereign immunity for the relief sought in Rich Financial's declaratory judgment cause of action. If, the United States has not waived its sovereign immunity for such a claim, this court lacks subject matter jurisdiction. *See Merrill, Lynch, Pierce, Fenner & Smith Inc. v. Jacks*, 960 F.2d 911 (10th Cir. 1992).

A waiver of sovereign immunity is required to sue the United States concerning IRS actions. *See Barmes v. United States*, 199 F.3d 386, 388 (7th Cir. 1999). A party who brings an action against the United States bears the burden of establishing that the United States' sovereign immunity has been waived. *Lonsdale v. United* States, 919 F.2d 1440, 1441 (10th Cir. 1990). The United States' waiver of sovereign immunity cannot be implied, but must be unequivocally expressed. *United States v. Nordic Village Inc.,* 503 U.S. 30, 33-34 (1992).

The Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201, prohibits courts from entering a declaratory judgment with respect to federal taxes except in limited circumstances not present here. *Wyoming Trucking Ass'n v. Bentsen*, 82 F.3d 930 (10th Cir. 1996). Unless one of the statutory or judicial exceptions applies, an action brought contrary to the statute cannot be maintained. *Enochs v. Williams Packing and Navigation Co.,* 370 U.S. 1 (1962).

In *Enochs*, the court set out a limited judicial exception to this statutory prohibition. This

exception is available where the party requesting such relief can show both that (1) it is clear that under no circumstances could the United States ultimately prevail on the merits of the action, and (2) the requesting party would otherwise have no adequate remedy at law. *Id.*

The United States contends that Rich Financial fails to meet either of these requirements. First, this lawsuit involves whether Rich Financial met all the steps necessary to perfect a security interest in the levied funds prior to the filing of a notice of federal tax lien.

Given the many pitfalls possible in the perfection of such a security interest, Rich Financial fails to demonstrate that there is no possibility for the United States to prevail in this action. And, in any event, declaratory relief is inappropriate because Rich Financial has an adequate remedy at law under its first cause of action for wrongful levy under 26 U.S.C. § 7426.

Plaintiff argues that given the fact that the United States has waived sovereign immunity for wrongful levy, it would be unreasonable to determine that the United States retained sovereign immunity with regard to the mere declaration of the parties' respective rights to the property. However, the declaration of rights is implicit in the wrongful levy cause of action. The court sees no need for a separate cause of action.

Rich Financial is also concerned that future monies may require additional or piecemeal litigation if the court does not enter a declaration of the parties' rights to BCBU funds. The court, however, does not believe that a separate action is necessary to protect Rich Financial's rights. Rich Financial does not and cannot contend that the IRS would not abide by the court's ruling on the wrongful levy claim with respect to other potential monies. Furthermore, the possibility of other monies is speculative and any declaration offered by the court would be an improper advisory opinion. The court, therefore, grants the United States' motion to dismiss

Rich Financial's second cause of action for declaratory judgment.

## CONCLUSION

For the reasons set forth above, the United States' Motion to Dismiss Second Cause of Action for Lack of Subject Matter Jurisdiction is GRANTED.

DATED this 13th day of December, 2007.

BY THE COURT:

_____
DALE A. KIMBALL,
United States District Judge